In the Matter of ALFRED SATZ, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 2, 1961.

*Raymond P. Whearty* of counsel (*Eric Nightingale,* attorney), for petitioner.

*Harry Roter* for respondent.

*Per Curiam.* A Referee has found that respondent was grossly negligent in not diligently prosecuting a tort action which respondent instituted on behalf of a client, resulting in a dismissal of the tort action and leaving the client only with an action for breach of warranty as a theory of recovery. If respondent had become convinced that the tort action could not be prosecuted successfully, it was his duty to notify his client promptly so that he might engage other counsel, if he so desired. Respondent's failure to do this, or to notify his client when a successful motion to dismiss for lack of prosecution was made, constituted misconduct, which by reason of the intervening Statue of Limitations effectively terminated the client's right to litigate his claim on the theory of tort. Fortunately, respondent's dereliction did not deprive the client entirely of his day in court, for a cause of action for breach of warranty survived and is being pursued through other counsel.

We have duly considered respondent's frank admission of his neglect. Nevertheless we must take cognizance of the character of the unprofessional conduct here present, and accordingly we censure the respondent.

BOTEIN, P. J., VALENTE, STEVENS, EAGER and BERGAN, JJ., concur.

Respondent censured.